IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SCOTT DAMON RICHARDSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:17-CV-2747-D (BT) |
| | § | |
| MITCH BATES, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a Motion to Dismiss [ECF No. 14], filed by Defendant

Mitch Bates, Garland Police Chief ("Defendant" or "Chief Bates"). For the

following reasons, Defendant's Motion should be **GRANTED**.

**Background**

Plaintiff Scott Richardson alleges Officer Motteram, a Garland Police

Officer, unlawfully stopped and detained him in Garland on September 7, 2017.

*See* Pl.'s Am. Compl. 1 [ECF No. 13]. According to Plaintiff, Officer Motteram is

not authorized to enforce the Texas Transportation Code. *See* Pl.'s Am. Compl. 2.

Despite his alleged lack of authority, Officer Motteram conducted the September

7, 2017 traffic stop and issued Plaintiff a citation and court summons. *See* Pl.'s

Am. Compl. 2-3. Based on this alleged conduct, Plaintiff filed a lawsuit in state

1

court on September 11, 2017. Plaintiff initially asserted claims against Chief Bates for his role in "ordering" Officer Motteram to violate Plaintiff's constitutional rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. *See* Pet. 4-9 [ECF No. 1-6]. Plaintiff also asserted claims against Chief Bates for false imprisonment, abuse of process, abuse of office, and abuse of official capacity based on the same conduct. *See id.*

Chief Bates removed the lawsuit to federal court on October 6, 2017 on the basis of federal question jurisdiction. *See* Notice of Removal [ECF No. 1]. On November 17, 2017, the District Court issued its Memorandum Opinion and Order denying Plaintiff's Motion to Remand [ECF No. 8] because Plaintiff asserted "rights created by the Constitution of the United States that are essential elements of his cause of action." *See* Order 3-4 [ECF No. 12]. The District Court advised Plaintiff that it would likely remand this case to state court if within seven days, Plaintiff "dismisses all claims that present federal questions," given that Plaintiff maintained in his motion to remand that he was relying solely on state law. *See* Order 3-4. However, Plaintiff did not dismiss his federal claims within the time provided. Rather, on January 9, 2018, Plaintiff, without leave of court, filed an Amended Complaint for Declaratory Judgment [ECF No. 13], seeking (1) dismissal of traffic citations issued by Officer Motteram and other "uncertified officers under Chief Bates," (2) disgorgement of funds collected as a

result of citations written by Officer Motteram or other "uncertified officers under Chief Bates," (3) revocation of Officer Motteram's TCLOE license, (4) commencement of an examining trial regarding the sufficiency of the traffic citation issued to Plaintiff, and (5) initiation of a criminal investigation into other violations by police officers who allegedly are not authorized to enforce the Texas Transportation Code.[1] *See* Am. Compl. 10.

Chief Bates responded by filing the pending Motion to Dismiss, in which he argues that Plaintiff's Amended Complaint does not seek any relief from him and that the Amended Complaint fails to state a claim upon which relief can be granted.[2] Plaintiff failed to file a response to the Motion. Therefore, the Court must consider the Motion without the benefit of a response.

## Legal Standards

In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

---

[1]    Under Fed. R. Civ. P. 15, Plaintiff must seek leave of Court to file an amended complaint. Furthermore, there is no order in place that allows Plaintiff to file an amended complaint without seeking leave.

[2]    Defendant also initially argued that Plaintiff's claims are barred by the *Younger* abstention doctrine because the citations issued to Plaintiff by Officer Motteram were still pending in Garland Municipal Court. *See* Def.'s Mot. 2-6. However, Defendant subsequently filed a Notice that the municipal court found Plaintiff guilty on all charges and that Plaintiff did not appeal that decision. *See* Notice 1 [ECF No. 17]. Therefore, Defendant no longer seeks abstention under the *Younger* doctrine. *See* Notice 1.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d at 210 (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008); *Hughes v. Tobacco Institute, Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)). However, the Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). In addition, "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 555. "While legal conclusions can

4

provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

"On a Rule 12(b)(6) review, although generally the court may not look beyond the pleadings, the Court may examine the complaint, documents attached to the complaint, and documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claim(s), as well as matters of public record." *Herrera v. Wells Fargo Bank, N.A.*, 2013 WL 961511, at *2 (S.D. Tex. Mar. 12, 2013) (citing *Lone Star Fund V (U.S.), L.P. v. Barclays Bank P.L.C.*, 594 F.3d 383, 387 (5th Cir. 2010); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); *Cinel v. Connick*, 15 F.3d 1338, 1341, 1343 n.6 (5th Cir. 1994); *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003)). "Taking judicial notice of public records directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review and does not transform the motion into one for summary judgment." *Id.* (citing *Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011)). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Id.* (citing Fed. R. Evid. 201(b)).

**Analysis**

Defendant first argues that he should be dismissed from the lawsuit because Plaintiff seeks no relief from him. *See* Mot. 2. The Court agrees. The gravamen of Plaintiff's Amended Complaint is that Officer Motteram lacked authority to issue a traffic citation to Plaintiff because Officer Motteram's name did not appear on a list of officers authorized to enforce the Texas Transportation Code. *See* Am. Compl. 8-9. By his Amended Complaint, Plaintiff purportedly seeks declaratory relief in the form of a Court Order directing the Garland Municipal Court (1) to dismiss "all prosecutions of traffic citations written by uncertified officers under Chief Bates" and "all criminal prosecutions for violations of the Texas Transportation Code prosecuted by Officer Motteram based on complaints filed with the Garland Municipal Court by Officer Motteram," and (2) to disgorge "all funds collected from citizens based on prosecutions of the Texas Transportation Code prosecuted based on allegations filed by Officer Motteram or written by uncertified officers under Chief Bates." *See* Am. Compl. 10. Plaintiff further seeks a Court Order directing the Texas Commission on Law Enforcement to revoke Officer Motteram's license. Plaintiff also seeks a Court Order, presumably to the City of Garland to convene "an examining trial to examine into the sufficiency of the criminal allegation made herein against Plaintiff" and "an examining court under Title 52 Texas Code of

criminal to examine into the practice of Garland Municipal Court of prosecuting alleged violations of the Texas Transportation Code initiated by peace officers who are not authorized to enforce said statutory scheme under Chief Bates." *See* Am. Compl. 10. Plaintiff does not seek a Court Order directing Chief Bates to do anything. Indeed, Plaintiff's Amended Complaint appears to seek no relief from Chief Bates at all. Therefore, Plaintiff's claims against Chief Bates—the only defendant named in this lawsuit—should be dismissed.

To the extent Plaintiff's claims could possibly be construed to assert a claim against Chief Bates because Plaintiff alleges that Chief Bates "allowed, condoned or encouraged his staff of officers to falsify the record purporting to exert the authority to enforce the transportation code" or that Chief Bates is part of a conspiracy "to extort monies from free citizens in the form of fines and fees collected subsequent to illegal prosecutions," *see* Am. Compl. 7-8, Plaintiff's claims still must be dismissed. Plaintiff's claims against Chief Bates appear to allege only acts within the general scope of Chief Bates's employment as the Chief of Police for the City of Garland. The Texas Tort Claims Act ("TTCA") provides:

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed

7

> unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f). Chief Bates filed his motion to dismiss under Section 101.106(f) on October 7, 2017. Plaintiff did not file an amended complaint within 30 days, and—when he did file his Amended Complaint—he failed to dismiss his claims against Chief Bates. Therefore, the Court should dismiss Plaintiff's claims against Defendant Chief Bates pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f).

Finally, to the extent Plaintiff's allegations can be construed to assert a claim against Chief Bates in his official capacity for the purposes of the TTCA, Plaintiff's claims must be dismissed because such claims constitute claims against the City of Garland, and the City has not waived its immunity for intentional tort claims. "Individuals sued in their official capacity are entitled to the same sovereign immunity protections available to the person's employer." *See Ferguson v. Dunn*, 2018 WL 2656990, at *15 (E.D. Tex. Apr. 27, 2018) (citing *Nueces Cty. v. Ferguson*, 97 S.W.3d 205, 214-15 (Tex. App.—Corpus Christi 2002, pet. denied)). Accordingly, Chief Bates is immune from tort claims under the TTCA except where the TTCA has expressly waived sovereign immunity, which it does in three areas: (1) the injury results from the operation of a

8

publicly-owned automobile by the employee; (2) the injury arises out of a condition or use of tangible personal property; or (3) the injury arises from a premises defect. *Sampson v. Univ. of Texas at Austin*, 500 S.W.3d 380, 384 (Tex. 2016) (citing TTCA, § 101.021). Under Texas law, a defendant with sovereign immunity is immune from intentional tort claims. *Young v. City of Dimmitt*, 787 S.W.2d 50, 51 (Tex. 1990) (citing TTCA, § 101.057). Plaintiff's allegations might be construed to assert claims for intentional torts, such as false imprisonment, abuse of process, abuse of office, or abuse of official capacity. Such claims do not fit within any of the TTCA's express waivers to sovereign immunity. Thus, Plaintiff's claims are barred by sovereign immunity and should be dismissed.

## RECOMMENDATION

For the foregoing reasons, Defendant's Motion to Dismiss [ECF No. 14] should be **GRANTED**, and Plaintiff's claims should be dismissed without prejudice for failure to state a claim.

**SO RECOMMENDED**.

August 9, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## <u>INSTRUCTIONS FOR SERVICE AND</u>
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).